**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-5108**

_____

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

     v.

TYRONE ERNELL HINTON,

          Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:09-cr-00110-FL-1)

_____

Submitted:  May 8, 2012         Decided:  June 6, 2012

_____

Before KEENAN, DIAZ, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tyrone Ernell Hinton pled guilty, without a plea agreement, to one count of bank robbery, in violation of 18 U.S.C. § 2113(a) (2006). The district court sentenced Hinton to 188 months in prison, the top of the advisory Guidelines range. In reaching this sentence, the district court took into consideration several factors, including the need to deter such criminal conduct, to protect the public, to promote respect for the law, and to get Hinton mental health treatment. Hinton timely appeals, asserting that the district court committed plain error by basing his sentence on his need for mental health treatment. For the following reasons, we affirm.

As Hinton acknowledges, we review his claim for plain error because he raises it for the first time on appeal. United States v. Lynn, 592 F.3d 572, 580 (4th Cir. 2010). To establish plain error, Hinton must show that the court's sentence was based on error, that was plain, and that affected his substantial rights. United States v. Strieper, 666 F.3d 288, 295 (4th Cir. 2012). Even if Hinton makes this showing, we will not correct the error unless "it seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks and citations omitted).

At sentencing, a court may discuss a defendant's opportunities for rehabilitation or treatment programs during

incarceration.  Tapia v. United States, 131 S. Ct. 2382, 2392 (2011).  However, the court may not impose or increase the length of a sentence for the purpose of ensuring that the defendant receive rehabilitative services.  Id. at 2393.

Even assuming that the district court improperly considered Hinton's need for psychological treatment as a basis for his sentence, we find that Hinton has not shown that the error affected his substantial rights.

Generally, for an error to affect a defendant's substantial rights it must be prejudicial, meaning "there must be a reasonable probability that the error affected the outcome . . . ."  United States v. Marcus, 130 S. Ct. 2159, 2164 (2010).  In the sentencing context, an error affects substantial rights only if the defendant can show that the sentence imposed was longer than the sentence he would have received without the error.  United States v. Hughes, 401 F.3d 540, 548 (4th Cir. 2005); see also United States v. Angle, 254 F.3d 514, 518 (4th Cir. 2001) (en banc) (explaining that sentencing error affects substantial rights if the actual sentence is "longer than that to which [the defendant] would otherwise be subject"); see also United States v. Hernandez, 603 F.3d 267, 272 (4th Cir. 2010) (holding defendant failed to show lack of a more detailed explanation had a prejudicial impact on the sentence imposed).

Here, the district court provided several legitimate grounds for sentencing Hinton at the top of the Guidelines range, and Hinton fails to show that there is a reasonable probability that the court would have imposed a lower sentence had it not improperly considered his need for psychological treatment. Accordingly, we affirm Hinton's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>